Jose Amador CALLEJAS–FLORES; Martha Laura Hernandez–Guiterrez, Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74934.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 19, 2008.

Deniz S. Arik, Stender & Pope, PC, Phoenix, AZ, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Ari Nazarov, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jose Amador Callejas–Flores and his wife Martha Laura Hernandez–Guiterrez,

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

married natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Altamirano v. Gonzales*, 427 F.3d 586, 591 (9th Cir.2005), and claims of constitutional violations, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 929–30 (9th Cir.2005).

We reject petitioners' contention regarding the IJ's refusal to consider their motion to reopen because the BIA considered the additional evidence of hardship submitted with the motion and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law.").

We are not persuaded that petitioners' removal results in the deprivation of their children's rights. *See Urbano de Malaluan v. INS*, 577 F.2d 589, 594 (9th Cir. 1978).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.